IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

---

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, LP, | |
| Plaintiff, | Civil Action No. 2:25-cv-23-Z |
| v. | |
| PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, *et al.*, | |
| Defendants. | |

## MOTION TO DISMISS AS MOOT

Plaintiff filed a civil suit seeking to enjoin a Department of Transportation (DOT) administrative proceeding concerning a fatal gas pipeline incident that occurred at its facilities near Meade, Kansas. That administrative proceeding has been discontinued, and the United States has elected to pursue the matter though a civil enforcement action in Dallas (as Plaintiff acknowledges would be appropriate). Moreover, DOT has published new guidance on its internal enforcement actions that addresses many of the due process concerns Plaintiff complains of here. This action is therefore moot. As Plaintiff has received the relief sought in its complaint, Defendants now move to dismiss this action as moot.

**Motion to Dismiss as Moot – Page 1**

## BACKGROUND

Plaintiff is an operator of a gas pipeline. Compl. ¶ 2, ECF No. 1. On March 26, 2020, one of Plaintiff's employees was fatally injured while working at Plaintiff's Borchers Station near Meade, Kansas. *Id.* ¶¶ 33-34. The Pipeline and Hazardous Materials Safety Administration (PHMSA), an agency of DOT, initiated an administrative enforcement proceeding concerning the fatal incident, and determined that Plaintiff had committed probable violations of the pipeline safety regulations. *Id.* ¶ 35.

Plaintiff then filed this action on January 27, 2025, seeking to enjoin PHMSA's enforcement proceeding. Plaintiff first contends that that PHMSA's enforcement proceeding violates its right to a trial by jury under the Seventh Amendment. *Id*. ¶¶ 64-74. Plaintiff also claims that PHMSA's enforcement proceeding was the result of an unconstitutional delegation of legislative power. *Id*. ¶¶ 75-82.

In its prayer for relief, Plaintiff prayed for a stay or an injunction barring the continuation of PHMSA's enforcement proceeding and for a declaratory judgment that that the Pipeline Safety Act's administrative enforcement provisions are unconstitutional. *Id.* at 26.

Since the time Plaintiff filed this action, PHMSA has terminated the enforcement proceeding, and the United States has instead elected to pursue appropriate relief though a civil enforcement action in federal district court. *See United States v. Panhandle E. Pipe Line Co., LP*, Case No. 3:25-cv-1001-G (N.D. Tex.).

Moreover, DOT has also since published a memorandum concerning its administrative enforcement proceedings. *See* Memorandum from Gregory D. Cote,

Acting General Counsel, Dep't of Transp. (March 11, 2025).[1]  The memorandum "clarifies the procedural requirements governing" DOT enforcement actions with the purpose of ensuring that such actions "satisfy principles of due process and remain lawful, reasonable, and consistent with Administration policy." *Id.*  The memorandum reaffirms DOT's policy "to provide affected parties appropriate due process in all enforcement actions" and outlines procedures on, among other things, avoiding bias, handling *ex parte* communications, and affirmatively disclosing exculpatory evidence. *See id.*

## LEGAL STANDARD

Federal jurisdiction requires a live case or controversy at every stage of litigation. *See* U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013). Federal courts cannot give opinions on "moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  Instead, to invoke federal jurisdiction, a litigant must have suffered or be threatened with an actual injury that is both traceable to the defendant "and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "The question when assessing whether a case is moot is whether *any* effective relief can be granted." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 431 (5th Cir. 2013).  "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).  Where the

---

[1] *Available at* https://www.transportation.gov/sites/dot.gov/files/2025-03/Procedural%20Requirements%20for%20DOT%20Enforcement%20Actions.Cote%20Memo.Signed.03-11-2025.pdf  (last accessed Apr. 22, 2025).

**Motion to Dismiss as Moot – Page 3**

question of mootness arises, the Court must resolve it before it can assume jurisdiction. *Rice*, 404 U.S. at 246. If a controversy is moot, the trial court lacks subject matter jurisdiction over it. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978). And if a court determines at any point during a case that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

## ARGUMENT AND AUTHORITIES

Plaintiff filed suit principally "to prevent PHMSA from continuing" its enforcement proceeding. Compl. ¶ 1. PHMSA has since terminated that proceeding. Plaintiff also insisted that the proper forum for the enforcement action was an "Article III Court" in the "Dallas Division where [Plaintiff] and its parent both have their principal places of business." Compl. ¶ 1. The United States has initiated a civil enforcement action in that division. In essence, Plaintiff has obtained its requested relief. Because there is no longer any live case or controversy for this Court to decide, the entire action should be dismissed as moot.

Given that PHMSA has terminated its enforcement proceeding, the declaratory and injunctive relief Plaintiff seeks "would have no immediate effect in this case." *Am. Med. Ass'n*, 857 F.2d at 271. That is sufficient to show that the dispute is moot. After all, any relief the Court could grant would have no practical significance, and any injunctive order to discontinue the already-terminated proceeding "would be useless." *See Ctr. for Biological Diversity*, 704 F.3d at 425. These intervening circumstances render the "the court no longer capable of providing meaningful relief," so "[m]ootness applies." *Id.* (citation omitted).

**Motion to Dismiss as Moot – Page 4**

In any event, the Court need not definitively resolve whether the matter is moot as a matter of Article III because the case, at minimum, has become prudentially moot. Even if a matter is not constitutionally moot, considerations of prudence sometimes caution against the exercise of a court's equitable powers. "[I]f events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits, equity may demand not decision but dismissal." *Winzler v. Toyota Motor Sales, USA, Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) (Gorsuch, J.). This doctrine has "particular applicability" when a plaintiff seeks "an injunction against the government." *Id.* (citation and internal quotation marks omitted).

The prudential mootness doctrine applies when the plaintiff seeks an order "forcing a department to take an action that it eventually agrees to take voluntarily." *Id.* That is precisely the situation here. Plaintiff sought a court order to terminate the PHMSA administrative enforcement proceeding, but PHMSA has already done that voluntarily. Because the Court can no longer fashion an "effective remedy" in this context, it need not "decid[e] on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events." *See United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985).

## CONCLUSION

For these reasons, the Court should dismiss the action as moot.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ Saurabh Sharad*
Saurabh Sharad
New York Bar No. 5363825
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8807
saurabh.sharad@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

On April 22, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Saurabh Sharad*
Saurabh Sharad
Assistant United States Attorney